Filed 8/25/25  P. v. Kelly CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SONNY KELLY,<br><br>    Defendant and Appellant. | B336342<br><br>(Los Angeles County<br>Super. Ct. No. NA105289) |

APPEAL from an order of the Superior Court of Los Angeles County. Laura Laesecke, Judge. Reversed and remanded with directions.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

The trial court declined to resentence defendant Sonny Kelly under Penal Code[1] section 1172.75 because Kelly's prior prison term enhancements were imposed but stayed. Kelly appealed that order. While the appeal was pending, the California Supreme Court decided *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), in which it held that section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior prison term enhancement that was imposed, regardless of whether the enhancement was executed or stayed. (*Rhodius*, at p. 1054.) We asked the parties to submit supplemental briefs addressing the impact of *Rhodius* on this appeal. The parties now agree, and so do we, that Kelly is entitled to a full resentencing under section 1172.75. Accordingly, we reverse the trial court's order and remand the matter for a full resentencing hearing.

## BACKGROUND

In January 2017, the People charged Kelly with second degree robbery (§ 211) and misdemeanor shoplifting (§ 459.5). The People alleged Kelly served four prior prison terms (§ 667.5) and suffered one prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), and one prior serious felony conviction (§ 667, subd. (a)(1)).

Later that year, Kelly entered a "negotiated open plea to the court," apparently pleading guilty or no contest to robbery and misdemeanor shoplifting and admitting the prior prison term

---

[1] All further undesignated statutory references are to the Penal Code.

and prior conviction enhancement allegations.[2]  The court sentenced Kelly to seven years in prison, consisting of the low term of two years for robbery plus five years for Kelly's prior serious felony conviction.  The court imposed a concurrent six-month term for Kelly's shoplifting conviction.  The court imposed but stayed the prior prison term enhancements.

Around 2022, the California Department of Corrections and Rehabilitation referred Kelly's case for resentencing under section 1172.75.  In November of that year, the trial court found Kelly was ineligible for resentencing because Kelly's prior prison term enhancements were stayed, and, as a result, Kelly was "not serving time" for them.

In December 2023, the court reconsidered whether Kelly was entitled to resentencing under section 1172.75.  The court declined to resentence Kelly, again finding Kelly was ineligible for relief because the prior prison term enhancements were stayed.

Kelly appeals.

## DISCUSSION

In 2021, the Legislature enacted Senate Bill No. 483, creating what is now section 1172.75.  (Former § 1171.1, added by Stats. 2021, ch. 728, § 3, renumbered by Stats. 2022, ch. 58, § 12.)  That statute renders legally invalid any prior prison term enhancement imposed before January 1, 2020, unless the enhancement was imposed for a prior sexually violent conviction.  (§ 1172.75, subd. (a).)  The statute also creates a resentencing procedure for defendants who are currently serving sentences

---

[2]  The record does not contain a transcript of the plea colloquy or a copy of the plea agreement.

3

that include a prior prison term enhancement.  (*Id.*, subds. (a)–(c).)  Once the trial court confirms that the underlying judgment includes an invalid prior prison term enhancement, the court must "recall the sentence and resentence the defendant."  (*Id.*, subd. (c).)  A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing.  (*Id.*, subds. (a), (c).)

When the trial court found Kelly was ineligible for resentencing, appellate courts were divided on whether section 1172.75 applies when a prior prison term enhancement was imposed but stayed.  (See *Rhodius*, *supra*, 17 Cal.5th at pp. 1056–1057.)  In *Rhodius*, the Supreme Court resolved this split, holding that section 1172.75 "entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed."  (*Rhodius*, at p. 1054.)

It is undisputed that Kelly is serving a sentence that includes several prior prison term enhancements that were imposed before January 1, 2020.  Following *Rhodius*, the parties agree, and so do we, that Kelly is entitled to resentencing even though those enhancements were stayed.  (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)  We express no opinion on the outcome of Kelly's resentencing.

4

## DISPOSITION

The trial court's order is reversed, and the matter is remanded with directions for the court to conduct a resentencing hearing under section 1172.75.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


RUBIN, J.*

---

*    Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5